IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DANIEL G. PAYTON,

      Petitioner,

    v.

TIM SHOOP, WARDEN,
CHILLICOTHE CORRECTIONAL INST.,

      Respondent.

CASE NO. 2:19-CV-3391
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## ORDER and
## REPORT AND RECOMMENDATION

This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. Petitioner seeks release from confinement imposed pursuant to a state-court judgment in a criminal action. This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to the United States Magistrate Judges.

Petitioner has filed a motion to proceed *in forma pauperis*. (ECF No. 1.) Upon consideration, the undersigned finds the motion to be meritorious, and it is **GRANTED**. Petitioner shall be **PERMITTED** to prosecute this action without prepayment of fees or costs and judicial officers who render services in this action will do so as if costs had been prepaid.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), this Court must conduct a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." If it does so appear, the petition must be dismissed. *Id*. Rule 4 allows for the dismissal of petitions that raise legally frivolous claims, as well as petitions that contain factual allegations that are palpably incredible or false. *Carson v. Burke*,

178 F.3d 434, 436-37 (6th Cir. 1999). Here, for the reasons that follow, it plainly appears from the face of the petition that Petitioner is not entitled to relief, as this action is barred by the one-year statute of limitations provided for under 28 U.S.C. § 2244(d). It is therefore **RECOMMENDED** that this action be dismissed.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner challenges his February 22, 2006 convictions pursuant to his guilty plea in the Fayette County Court of Common Pleas on aggravated murder and kidnapping. In a Judgment Entry filed on March 14, 2006, the trial court sentenced him pursuant to the agreement of the parties to an aggregate term of thirty years to life. (*Petition*, ECF No. 1-1, PAGEID # 14, 20; *Judgment Entry of Sentence*, ECF No. 1-1, PAGEID # 41.) Petitioner did not file an appeal. In October 2016, Petitioner filed a "Verified Motion to Correct Sentence" or petition for post-conviction relief. (*Petition*, ECF No. 1-1, PAGEID # 17.) On April 20, 2017, the trial court denied that motion. (*Entry*, ECF No. 1-1, PAGEID # 18.) On December 11, 2017, the appellate court affirmed the judgment of the trial court. (*Judgment Entry*, ECF No. 1-1, PAGEID # 45.) On May 9, 2018, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (*Entry*, ECF No. 1-1, PAGEID # 40.)

On July 29, 2019, Petitioner executed this habeas corpus petition. (PAGEID # 29.) He asserts that police illegally obtained his confession, in violation of *Miranda v. Arizona,* 384 U.S. 436 (1966) (claim one); that he was denied the effective assistance of counsel (claim two); and that his convictions violate due process (claim three). Plainly, however, the one-year statute of limitations bars this Court's consideration of his claims.

2

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.*

A District Court may *sua sponte* address the timeliness of a federal habeas corpus petition when conducting an initial review under Rule 4. *See Day v. McDonough*, 547 U.S. 198 (2006); *Wogenstahl v. Charlotte*, No. 1:17-cv-298, 2017 WL 3053645, at *2 (S.D. Ohio July 19, 2017) (citing *McDonough*, 547 U.S. at 198).

## III. APPLICATION

Applying the language of § 2244(d)(1)(A), Petitioner's conviction became final in April 2006, thirty days after the trial court's judgment entry of sentence, when the time period expired to file a timely appeal. *See Watkins v. Dayton Corr. Inst.*, No. 2:16-cv-501, 2016 WL 3855206,

at *2 (S.D. Ohio July 15, 2016) (citing *Worthy v. Warden*, No. 2:12-cv-652, 2013 WL 4458798, at *2 (S.D. Ohio Aug. 19, 2013) (citing *Searcy v. Carter*, 246 F.3d 515, 518–19 (6th Cir. 2001) ) ); *Marcum v. Lazarof*, 301 F.3d 480, 481 (6th Cir. 2002); Ohio App. R. 4(A). The statute of limitations expired one year later, in April 2007. Petitioner, however, waited more than twelve years, until July 2019, to execute this habeas corpus petition.

His October 13, 2016 motion to correct sentence or post-conviction petition did not affect the running of the statute of limitations under the provision of § 2244(d)(2) because he filed it long after the one-year statute of limitations had already expired. "The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003) (citing *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Additionally, Petitioner does not allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations, particularly for the time period at issue here. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (to obtain equitable tolling of the statute of limitations, a litigant must establish that he has diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## IV. RECOMMENDED DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that this action be **DISMISSED.**

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those

4

portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE