IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DANIEL G. PAYTON,

    Petitioner,

v.

TIM SHOOP, WARDEN,
CHILLICOTHE CORRECTIONAL INST.,

    Respondent.

CASE NO. 2:19-CV-3391
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On August 14, 2019, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that this action be dismissed as barred by the one-year statute of limitations provided for under 28 U.S.C. § 2244(d). (ECF No. 3.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 6.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's Objection (ECF No. 6) is **OVERRULED**. The Report and Recommendation (ECF No. 3) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

On February 22, 2006, Petitioner pleaded guilty in the Fayette County Court of Common Pleas to charges of aggravated murder and kidnapping. On March 14, 2006, the trial court sentenced him pursuant to the joint agreement of the parties to an aggregate term of thirty years to life. Petitioner did not file an appeal or otherwise challenge his convictions until October 2016, when he pursued post-conviction relief. The state appellate court dismissed that action as untimely and barred by *res judicata*. (*Judgment Entry*, ECF No. 1-1, PAGEID # 45-46.) On

May 9, 2018, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (*Entry*, ECF No. 1-1, PAGEID # 40.) Approximately fourteen months later, on July 19, 2019, Petitioner executed this habeas corpus petition. (ECF No. 1-1, PAGEID # 29.)

Petitioner nonetheless objects to the dismissal of this action as time barred. According to the Petitioner, the statute of limitations has not begun to run because the judgment against him is void. He also asserts the dismissal of this action will constitute a manifest miscarriage of justice. Petitioner further alleges that his attorney coerced or threatened him to enter a guilty plea. He maintains that he was denied the effective assistance of counsel and that his attorney colluded with the prosecution. According to Petitioner, he diligently pursued relief, but it took him years to seek redress because neither the trial court nor his attorney advised him of his legal rights, he "struggled with mental cognizance while under the influence of psychotropic medication," and in view of his pro se incarcerated status. (*Objection*, ECF No. 6, PAGEID # 95-96.)

A petitioner cannot avoid the one-year statute of limitations by characterizing his conviction as void. *See Brock v. Warden*, No. 2:16-cv-843, 2018 WL 4442591, at *2 (S.D. Ohio Sept. 18, 2018) (citing *Westerfield v. Warden, Chillicothe Corr. Inst.*, No. 2:14-cv-2012, 2015 WL 3422269, at *1 (S.D. Ohio May 27, 2015)). Moreover, the record does not reflect that equitable tolling of the statute of limitations applies. *See Holland v. Florida*, 560 U.S. 631, 650 (2010). A petitioner is entitled to equitable tolling only if he shows "1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstances stood in his way" and prevented timely filing. *Id.* (citing *Pace*, 544 U.S. at 418). Equitable tolling should be applied "sparingly." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (citing *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006)). The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective, pleading or where

2

he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Where the claimant failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id.*; *Jurado v. Burt*, 337 F.3d 638, 642–13 (6th Cir. 2003). A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations. *Hall v. Warden, Leganon Corr. Inst.*, 662 F.3d 745, 751 (6th Cir. 2011) (citation omitted); *see also Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness")). These are conditions typical for many prisoners and do not rise to the level of exceptional circumstances. *Groomes v. Parker*, No. 3:07–cv–0124, 2008 WL 123935, at *5 (M.D. Tenn. Jan.9, 2008) (citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)). Similarly, a habeas petitioner's reliance on inaccurate legal advice from counsel generally does not provide a valid ground for equitable tolling of the statute of limitations. *Brown v. Bauman*, No. 2:10–cv– 264, 2012 WL 1229397, at *9 (W.D. Mich. Apr. 12, 2012) (citations omitted); *see Holland v. Florida*, 560 U.S. 631, 651 (2010) (garden variety claims of excusable neglect do not justify equitable tolling of the statute of limitations).

Where a petitioner's mental incompetence or condition prevents him from timely filing a habeas petition, equitable tolling of the statute of limitations may be warranted. However, "a blanket assertion of mental incompetence is insufficient to toll the statute of limitations. . . . Rather, a causal link between the mental condition and untimely filing is required." *Ata,*, 662 F.3d at 742 (citing *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008)). In other words, a petitioner must establish that his mental incompetence made him unable to comply with the

AEDPA's statute of limitations in order to obtain equitable tolling on this basis. *Billingsley v. Haviland*, No. 18-3042, 2018 WL 3390408, at *2 (6th Cir. July 9, 2018) (citing *Ata*, 662 F.3d at 742). Further, "[e]quitable tolling based on mental incapacity is limited to 'exceptional circumstances.'" *Brown v. McKee*, 232 F.Supp.2d 761, 768 (E.D. Mich. Nov. 20, 2002) (citing *Smith v. Saffle*, 28 F. App'x 759, 760 (10th Cir. 2001) (internal citation omitted)). The petitioner bears the burden of production and persuasion on this issue. *Kitchen v. Bauman*, 629 F. App'x 743, 747 (6th Cir. 2015) (citing *Ata*, 662 F.3d at 741). Applied here, the Court finds that Petitioner has failed to meet this burden. Nothing in the record indicates that Petitioner's mental condition prevented him from timely filing.

In *DiCenzi v. Rose*, 452 F.3d 465, 470-71 (6th Cir. 2006), the United States Court of Appeals for the Sixth Circuit held that where a criminal defendant is not advised of and does not know of his right to appeal, claims relating to events that occurred at the time of sentencing may be timely under 28 U.S.C. § 2244(d)(1)(D) if the petitioner acted reasonably diligently in learning about his right to appeal. Again, however, the petitioner bears the burden of proving that he acted diligently. *Id.* at 471 (citation omitted). Further, the Court construes *DiCenzi v. Rose* in conjunction with *Johnson v. United States*, 544 U.S. 295 (2005), which requires consideration of the petitioner's exercise of diligence. Thus, a petition will not be deemed timely where the petitioner fails to act with reasonable diligence. *Lacking v. Jenkins*, No. 2:15-cv-3069, 2016 WL 4505765, at *5 (S.D. Ohio Aug. 29, 2016) (citations omitted). In this case, the record does not reflect that Petitioner acted diligently. Rather, Petitioner waited more than ten-and-one-half years from the date that the trial court imposed sentence to pursue any state collateral relief. Petitioner does not explain what action he took during this time to learn about his right to appeal or identify any factor that would have prevented him from earlier learning about his legal rights.

4

In addition, Petitioner waited more than one year after the Ohio Supreme Court dismissed his post-conviction appeal before executing this habeas corpus petition. Petitioner likewise fails to explain this delay.

The one-year statute of limitations may be equitably tolled upon a "credible showing of actual innocence." *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005). Accordingly, "a petitioner whose claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Yates v. Kelly*, No. 1:11–cv–1271, 2012 WL 487991 (N.D. Ohio Feb.14, 2012) (citing *Souter*, 395 F.3d at 590). Actual innocence means factual innocence, not mere legal insufficiency. *See Bousely v. United States*, 523 U.S. 614, 623 (1998). Petitioner does not allege, and the record does not reflect, that he can establish that his actual innocence so as to justify equitable tolling on this basis.

For the foregoing reasons and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 6) is **OVERRULED**. The Report and Recommendation (ECF No. 3) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). The petitioner must establish the

5

substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of Barefoot in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

This Court is not persuaded that reasonable jurists would debate the dismissal of this action as time-barred. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed in forma pauperis on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

6

IT IS SO ORDERED.

                         11-14-2019
                         **EDMUND A. SARGUS, JR.**
                         **UNITED STATES DISTRICT JUDGE**